IN THE SUPERIOR COURT OF GUAM

CHRISTOPHER ALLEN,

Plaintiff,

vs.

IAN C. RICHARDSON and JOHN YOUNG,

Defendants.

CIVIL CASE NO. CV191-09

DECISION & ORDER

This matter came before the HONORABLE VERNON P. PEREZ on October 5, 2011 on Defendants' Motion for Summary Judgment. Attorney Kenneth Orcutt represented Defendants. Plaintiff represented himself *pro se*. The Court took the motion under advisement. After having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following Decision and Order.

## BACKGROUND

This case arises out of an alleged confrontation between the Plaintiff Christopher Allen (hereinafter "Plaintiff") and Defendant Ian Richardson and Defendant John Young. Plaintiff acting without counsel, brought this action after he appeared at Guam Memorial Hospital (hereinafter "GMH") to serve one of the Defendants a summons. The Defendants' response to the summons and subsequent actions are the subject matter of this lawsuit. Pending motions in this matter include: Defendants' Motion for Summary Judgment, Defendants' Motion to Dismiss or for Access to Expunged Records, Plaintiff's Motion to Disqualify Attorney General and Three Requests for Judicial Notice filed by Plaintiff, Defendants' Motion for Sanctions, Defendants' Motion for Discovery and Defendants' Motion to Strike. As this Court received this case more than two years after its inception and one Party has come forth without counsel, the Court will do its best to ensure all informal motions made at hearing have and will be addressed.

# DISCUSSION

## I.    Motion for Summary Judgment

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue exists when there is sufficient evidence establishing a factual dispute requiring resolution by a fact-finder. *Iizuka Corp. v. Kawasho Int'l Inc.*, 1997 Guam 10 ¶ 7; *T.W. Elect. Serv Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). The factual dispute must concern a material fact. *Id.* Whether a fact is material is determined by the governing substantive law; if the fact may affect the outcome, it is material. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Edwards Co . v. Kawasho Int'l Inc.*, 2000 Guam 27 ¶ 7.

Inferences must be drawn, and evidence must be viewed in the light most favorable to the non-moving party, and the moving party carries the burden of showing the court those portions of the relevant documents which it believes demonstrate the absence of an issue of material fact. *Edwards Co . v. Kawasho Int'l Inc.*, 2000 Guam 27 ¶ 7. The moving party is not required to negate each element of the non-moving party's case. Rather, the moving party satisfies and discharges its burden by establishing the absence of evidence to support the non-moving party's case. *Kim v. Hong*, CVA97-007, 3 (1997). If a lack of evidence is established by the moving party, the non-moving party must present specific facts showing there is a genuine issue for trial. The non-moving party may not merely rely on conclusory allegations contained in the pleadings, but must present some significant probative evidence tending to support his assertion. *Id.* If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, for which the party will bear the burden of proof at trial, then Rule 56(c) requires entry of summary judgment against the non-moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 31(1986).

## Count 1

The facts in this case are heavily contested and there are many material facts at issue presently. The Court, simply, does not have enough information to determine that Defendants

are entitled to judgment as a matter of law on Plaintiff's claim of assault and battery. In their request for summary judgment, Defendants allege that they were justified in asserting physical contact and potential control over the Plaintiff as he was trespassing. Defendants' Motion for Summary Judgment at 6-7. Defendants also claim that they were in fear of the Plaintiff. *Id.* Plaintiff claims that he was accosted after serving one of the Defendants with process and Defendants were angry about the service, thus, not justified. Plaintiff contends Defendants acted out of anger and not out of some misled belief of justification. As to the claim of justified actions, the Court has seen testimony through deposition that Plaintiff was granted access into the hospital and directed to the Defendants' location. If proven, that fact alone could potentially defeat a justification defense. The Court finds that Plaintiff has provided sufficient evidence that there exist genuine issues of facts that could meet the required elements of his cause of action claimed in Count 1. The elements required for assault and battery have not been disproved by the present state of the evidence that would allow this Court to grant summary judgment. This matter will be reserved for trial as this Court would like to see additional evidence to that regard.

## Counts 2 and 3

Defendants argue that Counts 2 and 3 are based on criminal statutes and should be summarily dismissed.[1] The Court is in agreement and does not find similar civil causes of action under Guam law. As such, Plaintiff's Counts 2 and 3 could not be proven with additional evidence and as a result this Court finds no genuine issue of material fact. Felonious Restraint is a felony as explained in statute and Unlawful Restraint is merely a lesser included offense of Felonious Restraint that may apply if the victim is in little risk of serious bodily injury. *See* 9 GCA § 22.10. The Court will grant the Defendants' Motion for Summary Judgment on Counts 2 and 3.

## Count 4

In Count 4, Plaintiff labels the cause of action as "unlawful detention" and the Court has found what it believes to be a similar cause of action in tort. Due to the fact that Plaintiff is *pro*

---

[1] Felonious Restraint and Unlawful Restraint are codified in 9 GCA § 22.30 and 22.35 respectively. The Court is unable to establish a viable civil cause of action based on Count 2 and 3.

*se* this Court will deem Count 4 to be false imprisonment. The Court will be lenient with Plaintiff as a *pro se* Party and the facts appear to support a false imprisonment claim if Plaintiff's allegations are true. Defendants argue that Plaintiff's claim for false imprisonment cannot be proven as an essential element has not be supported with sufficient evidence to withstand summary judgment. Defendants contend that the time in which Plaintiff was prevented from leaving the hospital room was not long enough to constitute an appreciable length of time. In addition, Defendants argue that they were also justified in preventing Plaintiff's egress from the room. The Court again finds that this issue is heavily contested by the parties and facts are insufficient as of yet, to convince the Court that Plaintiff could not prove Count 4. The Court appreciates the case law cited by Defendant regarding the appreciable length of time element of false imprisonment, but the Court is not satisfied that one, 90 seconds is too short a time and two, that 90 seconds was actually the time that Defendant was kept from leaving the hospital. *See Scofield v. Critical Air Medicine, Inc.,* 52 Cal.Rptr.2d 915 4th 990 (Cal App. 1996). The Court understands that 90 seconds could be the time that Plaintiff was actually prohibited from freely leaving, yet additional facts brought at trial could clarify the issue for the Court. Count 4 of Plaintiff's Second Amended Complaint is grounded in facts that could allow recovery if further supported at trial. The Court will not grant summary judgment as to Count 4.

## II. Motion to Dismiss or Access Sealed Records

Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint or in the Alternative for Access to Expunged Records Contained in *People v. Allen* Criminal Case NO. CF0375-07; GPD Report 07-03405 (hereinafter "Motion to Dismiss"), will not be granted whether or not this Court decides to allow access to the sealed records because the Motion to Dismiss is not based on any legally sufficient argument that the Court finds applicable. Denial of Defendants' Motion to grant access would not warrant dismissal under any reasoning and this Court is considering summary judgment which overtakes consideration of dismissal.

As to the subject of the sealed records, Defendants should have access to all discoverable evidence relevant to the disposition of this case. Yet, the criminal case referenced has been rightly sealed in order to protect the Plaintiff and those similarly acquitted of alleged crimes. As

always the case, there must be a balance of the needs of discovery against the needs of confidentiality. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Here, Plaintiff has used evidence of acquittal to his benefit and appears to impliedly allow consideration of the sealed and expunged criminal case.[2] The Court finds that Defendants should be equally allowed access to essential information and its use at trial. The law favors the use of all relevant and probative evidence as long as not in violation of any evidence code statute. Here, no statute would prohibit the use of the sealed documents and the Court finds good cause exists as information contained in the sealed documents is highly probative of the issues this present case is based on. This Court will order that the records be temporarily and partially opened to the parties of this matter for the sole purpose of preparation for trial and proceedings of this case.

### III. Other Motions

#### Motion for Sanctions

Defendants' request sanctions be assessed to Plaintiff for a failure to comply with deposition. The Court finds that sanctions will not be appropriate as Plaintiff is representing himself *pro se* and claims he believed the deposition request to be in violation of the rules. In addition, the Court would like to point out that since the Defendants' request for sanctions, Plaintiff has complied and been deposed. The Court will not assess sanctions on Plaintiff for refusing and delaying deposition in accordance with the new focus courts place on the inequalities faced by parties without counsel and out of this Court's power of discretion.

#### Motion for Discovery

Under the same analysis above, Defendants request to compel discovery is now moot as Plaintiff has been deposed. Yet, Defendants also request that Plaintiff allow discovery of documents in his possession relating to the criminal case through a separate motion. This Court addressed Defendants request for access to sealed documents above.

---

[2] Plaintiff has referenced his acquittal several times in an effort to discredit Defendants' arguments and even Defendants' request to the Governor of Guam to allow the Office of the Attorney General to represent the Defendants.

**Judicial Notice and Motion to Disqualify Attorney General:** *Collateral Estoppel, Res Judicata* **and Double Jeopardy**

At hearing and in Plaintiff's motion papers, Plaintiff has made claims that this Court should make judicial notice of the representation by the Attorney General as inappropriate. Plaintiff's argument that the Attorney General should be disqualified include contentions that *Collateral Estoppel, Res Judicata* and Double Jeopardy apply. The Court finds that all three arguments fail to apply in this matter as Plaintiff brought the current claim in a civil action, while the case that Plaintiff claims precludes the Attorney General's representation is a criminal case. *Collateral Estoppel* and *Res Judicata* cannot apply without the same issues being tried in a previous case, which in the present matter there exists no previous civil case. Double Jeopardy cannot apply without a subsequent criminal charge of the same crime, which is not present here. In any event, if the above arguments did apply, this Court is not sure the result would disqualify the Office of the Attorney General as counsel. As explained at hearing, the Court finds that the Attorney General is appropriately substituted as counsel for the Defendants as they acted while employed with a Government of Guam line agency, while at work at a Government of Guam facility. The issue brought up at trial was that Plaintiff argues that the Defendants acted beyond the scope of employment in committing intentional torts on Plaintiff. Here, Plaintiff is suing Defendants in their personal capacity outside of the Government Claims Act. The Court will not make judicial notice that the representation of the Office of the Attorney General is inappropriate as Defendants' counsel has fulfilled all of the steps that make representation appropriate.[3]

**Motion to Strike**

In filing Defendants' Reply Memorandum, Defendants request that the Court strike evidence of prior bad acts and evidence of acquittal in a previous criminal case used by Plaintiff in his opposition memorandum.

---

[3] The Office of the Attorney General gained approval to represent Defendants through a request of the Governor of Guam.

**Prior Bad Acts**

Normally, the Court would agree with Defendants that evidence of prior bad acts is inadmissible to show conformity. 6 GCA §608(b). Yet, here Defendants have alleged that all force placed upon Plaintiff in the events leading up to this lawsuit was justified. The previous specific instances of Defendants bad conduct could be used to show non-character evidence of motive or knowledge. *See United States v. Gellene*, 182 F.3d 578 (7th Cir. 1999). In alleging evidence of Defendant Richardson's prior bad actions, if true, could show that the Defendants were not justified in assuming that Plaintiff was dangerous or trespassing. In fact, those prior acts if shown to be true could show that Defendants knew exactly why Plaintiff was in the hospital looking for the Defendants. Therefore, the Court finds that Defendants' Motion to Strike should be denied as the evidence of prior bad acts submitted by Plaintiff does not go to show conformity, but goes to show motive or knowledge that Defendants were not justified in their handling of Plaintiff. The evidence submitted goes to show that Defendant Richardson knows about the job that process servers do and that process servers repeatedly gain lawful entrance onto GMH grounds. The Court will not make judgment as to the extent of knowledge Defendants had at the time of the alleged torts nor will this Court prescribe how such evidence is to be used at trial.

**Acquittal**

Defendants argue that evidence of the acquittal should be stricken as it does not constitute evidence of innocence. The Court agrees with the Defendants that an acquittal does not constitute innocence in a civil matter due to the lesser burden of proof. However, this Court would like to point out that the Defendant in the criminal acquittal is now the Plaintiff. Most jurisdictions recognize the tort of malicious prosecution. In a claim of malicious prosecution, evidence of an acquittal would be highly relevant evidence and necessary to the case. Evidence of acquittal in a criminal case could be relevant evidence in a civil matter depending on the use of the evidence. The evidence of acquittal will receive the usual test to determine relevance and probative value versus prejudicial value under 6 GCA §§ 401 and 403. *Guam v. Castro*, 2002

Guam 23 at 9. Here, the evidence is not highly probative of total innocence on behalf of the Plaintiff but it also has little prejudicial value as Defendants were not on trial in the criminal matter. The Court finds that the acquittal is admissible evidence because the acquittal is also relevant in the civil matter at hand. According to Plaintiff, the Attorney General misrepresented to the Governor information about the criminal trial after the acquittal returned. If true, the Court could find the evidence is at least relevant as to Plaintiff's Motion to Disqualify Attorney General. Yet, the Court has reviewed the Attorney General's letter to the Governor and finds that "our investigation indicates the Plaintiff assaulted Dr. Richardson" does not constitute a misrepresentation to the Governor as it only explains their opinion of the evidence. *See* Exhibit C attached to Plaintiff's Reply and Memorandum to Defendants' Opposition to Plaintiff's Motion to Disqualify Attorney General. Thus, the evidence may also be relevant to other issues.

The Court will return to the matter of the use of the acquittal at trial when the time comes. The Court would like to point out, that the courts generally do not allow evidence of acquittal to disprove facts used to prove the case that was acquitted. *US v. Grant,* 277 F.3d 339, 352 (3rd Cir. 2002). Thus, the Court will be hesitant if any party attempts to use the acquittal as evidence at trial. For now, the Court finds it to be appropriate as used in Plaintiff's Opposition.

## CONCLUSION

Defendants' Motion for Partial Summary Judgment is hereby GRANTED in part in that Counts 2 and 3 will be dismissed and Denied in part in that Counts 1 and 4 will remain. Additionally, the Court will open the sealed records regarding Plaintiff's criminal case in limited fashion and GRANTS Defendants' request for access to the sealed records. Defendants' motions for sanctions and discovery are also DENIED as they are now moot. The Court will not disqualify the Office of the Attorney General and DENIES Plaintiff's requests for judicial notice and any other informal requests for disqualification. Defendants' Motion to Strike is also DENIED.

NOV 1 6 2011

So ORDERED this _____ day of November, 2011.

Original Signed By:

**HON. VERNON P. PEREZ**

HONORABLE VERNON P. PEREZ

JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

NOV 1 6 2011
_____ 20__
Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam

*Christopher Allen v. John Young and Ian Richardson,*
Decision and Order
Civil Case No. CV0191-09                    - Page 8 of 8 -